IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KAREN FORESTER, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:12-cv-00486

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Plaintiffs' Motion for Partial Summary Judgment)

Pending before the court is Plaintiffs' Motion for Partial Summary Judgment [ECF No. 85]. As set forth below, the plaintiffs' Motion is **GRANTED**.

I.    Background

This action involves an Arkansas plaintiff who was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis

so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

II.   **Legal Standards**

   A.   **Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light

most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiffs originally filed this action in the United States District Court for the Eastern District of Arkansas. Thus, the choice-of-law principles of Arkansas guide this court's choice-of-law analysis.

Arkansas courts consider the *lex loci delicti* doctrine and Dr. Robert A. Leflar's five choice-influencing factors in conjunction when analyzing choice of law problems.

*Ganey v. Kawasaki Motors Corp., U.S.A.*, 234 S.W.3d 838, 847 (Ark. 2006); *Schubert v. Target Stores, Inc.*, 201 S.W.3d 917, 922-23 (Ark. 2005). "Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law." *Ganey*, 234 S.W.3d at 846. The five choice-influencing factors, promulgated by Dr. Leflar, include (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. *Id.* The Leflar factors, however, are used only to soften "a rigid formulaic application" of the *lex loci delicti* doctrine. *See Gomez v. ITT Educ. Servs., Inc.*, 71 S.W.3d 542, 546 (Ark. 2002). In the case at bar, those factors are inapposite. The implantation surgery that allegedly resulted in Ms. Forester's injuries took place in Arkansas, where Ms. Forester is a resident. Moreover, both parties agree that Arkansas is the proper choice of law. Accordingly, Arkansas's substantive law governs this case.

### III. Analysis

The plaintiffs argue they are entitled to summary judgment because some of the defendants' affirmative defenses are without evidentiary or legal support. Specifically, the plaintiffs challenge the defendants' affirmative defenses of contributory negligence, comparative fault, and comparative negligence. Ethicon's Master Answer identifies these affirmative defenses as defenses 42, 45, 51, and 66. *See* Ethicon's Master Answer, 40–42, 44 [ECF No. 221]. The plaintiffs also challenge the corresponding affirmative defenses contained in Johnson & Johnson's Master

Answer, namely defenses 44, 47, 53, and 67. *See* Johnson & Johnson's Master Answer, 41–43, 46 [ECF No. 223].

### A. Conceded Claims

The defendants concede Ethicon's affirmative defenses 42, 45, 51, 66, and 77, as well as Johnson & Johnsons's affirmative defenses 44, 47, 53, and 67. Accordingly, the plaintiffs' Motion is **GRANTED**.

### IV. Conclusion

For the reasons discussed above, it is **ORDERED** that the plaintiffs' Motion for Partial Summary Judgment [ECF No. 85] is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 3, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE