IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KAREN FORESTER, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:12-cv-00486

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 83] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    **Background**

This action involves an Arkansas plaintiff who was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Arkansas law applies to the plaintiffs' claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiffs originally filed this action in the United States District Court for the Eastern District of Arkansas. Thus, the choice-of-law principles of

Arkansas guide this court's choice-of-law analysis.

Arkansas courts consider the *lex loci delicti* doctrine and Dr. Robert A. Leflar's five choice-influencing factors in conjunction when analyzing choice of law problems. *Ganey v. Kawasaki Motors Corp., U.S.A.*, 234 S.W.3d 838, 847 (Ark. 2006); *Schubert v. Target Stores, Inc.*, 201 S.W.3d 917, 922-23 (Ark. 2005). "Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law." *Ganey*, 234 S.W.3d at 846. The five choice-influencing factors, promulgated by Dr. Leflar, include (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. *Id.* The Leflar factors, however, are used only to soften "a rigid formulaic application" of the *lex loci delicti* doctrine. *See Gomez v. ITT Educ. Servs., Inc.*, 71 S.W.3d 542, 546 (Ark. 2002). In the case at bar, those factors are inapposite. The implantation surgery that allegedly resulted in Ms. Forester's injuries took place in Arkansas, where Ms. Forester is a resident. Moreover, both parties agree that Arkansas is the proper choice of law. Accordingly, Arkansas's substantive law governs this case.

III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

A. Manufacturing Defect

The plaintiffs point to no evidence that the TVT-O device departed from its

intended design at the time it left Ethicon's control. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### B. Strict Liability – Defective Product

Arkansas does not recognize a claim for "defective product." Instead, state law recognizes "three varieties of product defects: manufacturing defects, design defects, and inadequate warnings." *West v. Searle & Co.*, 806 S.W.2d 608, 610 (Ark. 1991). Accordingly, Ethicon's Motion as to Count IV (Strict Liability—Defective Product) is **GRANTED**.

### C. Common Law Fraud and Constructive Fraud

The plaintiffs' fraud-based claims are simply repackaged failure-to-warn claims. But the plaintiffs have not identified any particular statements by Ethicon upon which they relied. This inability to identify any particular fraudulent statements upon which they relied indicates that the gravamen of these claims is Ethicon's failure to warn the plaintiffs about particular risks or dangers associated with the TVT. If the learned intermediary doctrine "could be avoided by casting what is essentially a failure to warn claim under a different cause of action . . . then the doctrine would be rendered meaningless." *In re Norplant Contraceptive Prods. Liab. Litig.*, 955 F. Supp. 700, 709 (E.D. Tex. 1997). Accordingly, I predict with confidence that, if confronted with this issue, the Arkansas Supreme Court would hold that the learned intermediary doctrine applies to all claims based on a medical device manufacturer's failure to warn, including fraud and constructive fraud. Accordingly,

Ethicon's Motion as to Count VI (Common Law Fraud) and Count VIII (Constructive Fraud) is **GRANTED**.

### D. Fraudulent Concealment

Under Arkansas law, "[f]raudulent concealment is not a cause of action; rather, it is a response raised against the defense of statute of limitations." *Barre v. Hoffman*, 326 S.W.3d 415, 418 (Ark. 2009). The defendants, however, have not raised statute of limitations as a defense to the plaintiffs' fraud claims. Accordingly, Ethicon's Motion as to Count VII (Fraudulent Concealment) is **GRANTED**.

### E. Negligent Misrepresentation

Arkansas does not recognize negligent misrepresentation as a separate cause of action. *S. Cty., Inc. v. First W. Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994) ("We decline to recognize the tort of negligent misrepresentation."). Accordingly, Ethicon's Motion as to Count IX (Negligent Misrepresentation) is **GRANTED**.

### F. Negligent Infliction of Emotional Distress

"Arkansas does not recognize the tort of negligent infliction of emotional distress." *Dowty v. Riggs*, 385 S.W.3d 117, 120 (Ark. 2010) (citing *FMC Corp. v. Helton*, 202 S.W.3d 490, 502 (Ark. 2005)). Accordingly, Ethicon's Motion as to Count X (Negligent Infliction of Emotional Distress) is **GRANTED**.

### G. Breach of Express Warranty

The plaintiffs cannot establish that Ethicon made any express warranty, as defined by Ark. Code Ann. § 4-2-313(1), because they have not even identified any

statement made by Ethicon to them concerning the TVT-O. Accordingly, Ethicon's Motion at to Count XI (Breach of Express Warranty) is **GRANTED**.

### H. Breach of Implied Warranty

The plaintiffs did not provided the defendants with any notice of the alleged product defects before filing this action. *See* Ark. Code Ann. § 4-2-607(3)(a); *see also Statler v. Coca-Cola Bottling Co.*, 669 S.W.2d 460, 464 (Ark. 1984) ("In order to state a cause of action for breach of implied warranty, an allegation of notice of the defect to the seller must be pleaded."). Accordingly, Ethicon's Motion on as to Count XII (Breach of Implied Warranty) is **GRANTED**.

### I. Consumer Protection Laws

The plaintiffs' claim under the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-103 *et seq.*, fails because they have not presented evidence showing that they "specifically requeste[ed] the Attorney General to implement the powers of this chapter". Ark. Code Ann. § 4-88-101(3); *see Arloe Designs, LLC v. Arkansas Capital Corp.*, 431 S.W.3d 277, 281 (2014) (explaining that when defendants "are regulated by a regulatory body acting under statutory authority of Arkansas or of the United States, their actions and transactions are not subject to claims that can be brought under the ADTPA unless a specific request has been made to the Attorney General"). Accordingly, Ethicon's Motion as to Count XIII (Violation of Consumer Protection Laws) is **GRANTED**.

J.  All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

IV.  Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 83] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: manufacturing defect, Count IV (Strict Liability—Defective Product), Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), and Count XIII (Violation of Consumer Protection Laws). Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 8, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE